OPINION
This case presents a timely appeal from the judgment of the Columbiana County Court of Common Pleas designating Appellant a sexual predator, as defined in R.C. 2950, et seq. For all of the following reasons, we affirm the judgment of the trial court.
Thomas A. Hurst ("Appellant"), was convicted of three separate sexually oriented offenses in two separate cases. Specifically, Appellant was convicted of two counts of Gross Sexual Imposition, in violation of R.C. §§ 2907.05 (A)(3) (1) and one count of Rape, in violation of R.C. § 2907.02 (A)(1)(b). The victims were a ten year old girl and a nineteen year old man, respectively. Both offenses were committed prior to February, 1997.
After a referral from the Ohio Department of Corrections and Rehabilitation, a sexual predator hearing was held at the Columbiana County Court of Common Pleas on October 30, 1997. At this hearing, the State offered, and the trial court accepted into evidence, the medical reports pertaining to the victims and a printout of Appellant's prior criminal history. The trial court also had a pre-sentence investigation report prepared by the Columbiana County Probation Department. By way of a Judgment Entry dated November 4, 1997, the trial court overruled Appellant's oral motion to dismiss, overruled Appellant's renewed motion for a psychological evaluation at the State's expense and determined Appellant to be a sexual predator.
It is from these rulings that the present appeal arises. In his first assignment of error, Appellant argues:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01
ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Within this assignment, Appellant submits for our review the following four sub-issues attacking R.C. § 2950.01, et seq.
on various constitutional grounds:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2
OF THE OHIO CONSTITUTION."
 "WHETHER THE PROVISIONS OF ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, ARE UNCONSTITUTIONALLY VAGUE AS TO DEFINITIONS, PROCEDURE, METHOD OF DISCOVERY, ALLOCATION OF BURDEN OF PROOF, AND LACK OF CLEAR AND EXPLICIT STANDARDS, SUCH THAT APPELLANT COULD HAVE NO REASONABLE MEANS OF DEFENDING HIMSELF AGAINST SUCH A CHARGE, NOR IS THE COURT GIVEN ADEQUATE GUIDANCE FOR MAKING ITS DETERMINATION, THUS DENYING DUE PROCESS."
This Court has specifically addressed each of the exact sub-issues presented in Appellant's first assignment of error inState v. Woodburn (March 23. 1999), Columbiana App. No. 98 CO 6, unreported. Accordingly, we hereby adopt and incorporate our resolution of those corresponding issues from the Woodburn
opinion herein. Based on this, Appellant's first assignment of error is overruled in its entirety.
In his second assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT/APPELLANT A SEXUAL PREDATOR AS THE STATE FAILED TO MEET ITS BURDEN OF PROVING SUCH BY CLEAR AND CONVINCING EVIDENCE."
Included in this assignment of error are two sub-issues presented for our review, which provide as follows:
 "WHETHER THE TRIAL COURT ERRED IN DESIGNATING APPELLANT A SEXUAL PREDATOR, AS APPELLEE, THE STATE OF OHIO, FAILED TO MEET ITS BURDEN OF PROVING SUCH BY CLEAR AND CONVINCING EVIDENCE, AND IN FACT PRODUCED NO EVIDENCE AT THE HEARING BEYOND THE ORIGINAL RECORDS OF CONVICTION AND TWO EXHIBITS."
 "WHETHER THE TRIAL COURT ERRED IN ADMITTING ANY EVIDENCE SINCE THE STATE DID NOT COMPLY WITH THE CRIMINAL RULES OF DISCOVERY AND EVIDENCE RULES REGARDING HEARSAY."
As these two issues are interrelated in matters of both fact and law, they will be considered together. Appellant essentially alleges that the victims' medical records, Appellant's criminal history report, and the pre-sentence report which were before the trial court at the sexual predator hearing, were inadmissible as hearsay and should never have been considered. In the alternative, Appellant suggests that even if that evidence was admissible, it was insufficient to demonstrate in a clear and convincing fashion that Appellant was likely to commit additional sexually oriented offenses in the future.
Appellant's argument is unpersuasive. In State v. Cook
(1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply in sexual predator hearings and specifically ruled that, "reliable hearsay such as a pre-sentence report" is admissible. Id. at 425. Though the Rules of Evidence are not strictly in force at sexual-predator hearings, evidence presented at these hearings must have some indicia of reliability. State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported. Nowhere does Appellant challenge the accuracy or the reliability of the medical reports which would, in any event, be admissible under Evid.R. 803 (4) and 807 (A). As to Appellant's criminal history report, it has its own inherent indicia of reliability and is commonly used by the courts in sentencing hearings. State v. Byrum (July 31, 1998), Hamilton App. No. C-970834, unreported.
Having disposed of Appellant's challenge to the admissibility of the evidence before the trial court at the sexual predator hearing, we now must determine whether that evidence supports the trial court's judgment. We conclude that it does.
In Woodburn, supra, this Court noted that R.C. § 2950.01, et seq., requires that, "[t]he [trial] court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented acts in the future." Id. at 13. R.C. § 2950.09 (B)(3) requires that the trial court base its determination on clear and convincing evidence. Clear and convincing evidence is defined as a measure of proof greater than mere preponderance of the evidence but less than the certainty which is required beyond a reasonable doubt in criminal cases and which provides the trier of fact with a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122.
In order to make this determination, the trial court must consider all of the factors listed in R.C. § 2950.09 (B)(2), set forth as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior, offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In the case at bar, the record reflects that the trial court was provided with evidence that Appellant pled guilty to the rape of a ten year old girl. The original charge included a force specification which was dropped as part of a felony plea agreement. The trial court was also informed that Appellant was convicted of gross sexual imposition against a nineteen year old inmate while Appellant was incarcerated for the rape of the child. Medical records before the court revealed that the child had suffered potentially serious internal injuries as the result of the anal assault. In addition to the sexually-oriented offenses, the trial court was made aware of Appellant's lengthy criminal history which included theft, forgery, possession of hallucinogenic drugs, procuring for prostitution, grand theft, breaking and entering and domestic violence. Appellant presented no evidence on his behalf.
At the conclusion of the hearing, the court noted on the record that it had considered the evidence before it, had considered the factors set forth in R.C. § 2950.09 (B)(2) and had determined by clear and convincing evidence that Appellant was a sexual predator. (Transcript, p. 18)
The record before this Court clearly supports such a determination and Appellant's second assignment of error is overruled.
In his third assignment of error, Appellant agues that:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR A PSYCHOLOGICAL EXAMINATION."
Appellant supplements this assignment of error with the following issue presented for this Court's review:
 "WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT THE OPPORTUNITY FOR A PSYCHOLOGICAL EXAMINATION AT PUBLIC
Appellant's argument is based entirely on the premise that an indigent defendant is entitled to a court-appointed expert in a non-capital case without having to demonstrate any particularized need. This assignment of error is overruled on the authority of Woodburn, supra, where this Court held:
 "Although the statute indicates that appellant shall have the opportunity to call expert witnesses, some need would have to be exhibited before an expert will be appointed at the state's expense. **** To permit otherwise would only encourage indigent defendants to request the appointment of experts at every hearing in the hopes of obtaining favorable information. Requiring defendants to illustrate a particularized need has not been shown to create a burden and serves to avoid unnecessary delays in proceedings."
Id. at 10. (Emphasis in original).
Accordingly. Appellant's third assignment of error is overruled.
As we find no merit in any of Appellant's assignments of error, the judgment of the trial court is affirmed.
COX, P.J., concurs in judgment only.
DONOFRIO, J., concurs.
APPROVED:
 _______________________ CHERYL L. WAITE, JUDGE